### In re LUPRON MARKETING AND SALES PRACTICES LITIGATION

No. 1430.

Judicial Panel on Multidistrict Litigation.

Dec. 17, 2001.

---

· Before WM. TERRELL HODGES,[*] Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

This litigation presently consists of four actions: three actions in the District of Massachusetts and one action in the Northern District of Illinois.[1] Before the Panel is a motion by defendants TAP Pharmaceutical Products, Inc. (TAP) and Abbott Laboratories (Abbott), pursuant to 28 U.S.C. § 1407, to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. All responding plaintiffs agree that Section 1407 centralization is appropriate, but disagree on the most appropriate transferee district. Plaintiffs variously suggest either the District of Massachusetts or Southern District of Illinois.

█ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations that defendants TAP, Abbott and Takeda Chemical Industries, Ltd., engaged in a fraudulent marketing, sales and billing scheme to increase the sales of the prescription drugs Lupron and Lupron Depot. Centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly

---

[*] Judge Hodges did not participate in the decision of this matter.

1. The Panel has been notified that six related actions have recently been filed: two actions in the Northern District of Illinois; and one action each in the Northern District of Alabama, Southern District of Illinois, District of Minnesota and Eastern District of North Carolina. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (including on the issue of class certification) and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of Massachusetts is the most appropriate transferee district for this litigation. We note that i) three of the four actions now before the Panel are already pending there, and ii) although some parties and witnesses are likely located in Illinois, the Massachusetts court has become the focal point of this litigation by virtue of the civil claims brought by the United States Government and participating States under the Federal False Claims Act which were filed in the District of Massachusetts and the related grand jury and criminal proceedings which are underway there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C § 1407, the action listed on the attached Schedule A and pending outside the District of Massachusetts is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*Northern District of Illinois*

   *Leroy Townsend v. TAP Pharmaceutical Products, Inc., et al.,* C.A. No. 1:01–4435

*District of Massachusetts*

   *William Porter v. TAP Pharmaceutical Products, Inc., et al.,* C.A. No. 1:01–10861

   *Beacon Health Plans, Inc. v. TAP Pharmaceutical Products, Inc., et al.,* C.A. No. 1:01–10897

*Joseph P. Maczak v. TAP Pharmaceutical Products, Inc., et al.,* C.A. No. 1:01–11053